IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MALIK M. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00667 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| PRISONER TRANSPORT SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is a *pro se* complaint for alleged violation of civil rights (Doc. No. 1), filed by Malik M. Moore, a former inmate of the Portage County Jail in Stevens Point, Wisconsin. The complaint was originally filed in the United States District Court for the Western District of Missouri, which provisionally granted pauper status based on Plaintiff's application and transferred the matter to this Court. (Doc. Nos. 2, 4.)

The matter is now before the Court for a determination of Plaintiff's pauper status and an initial review of the complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED AS A PAUPER

Following the Western District of Missouri's transfer of this action and provisional grant of pauper status, this Court found Plaintiff's application for pauper status deficient due to the lack of a certified copy of his inmate trust fund account statement and ordered him to cure the deficiency within 28 days. (Doc. No. 8.) However, Plaintiff appears to have been released from jail prior to this deadline, and now seeks an extension of time in which to complete his application for pauper status. (Doc. No. 9.)

In light of Plaintiff's release from confinement, and given that his original application was not a short-form application for prisoners but a long-form declaration of his income, assets, and obligations that demonstrates his poverty (Doc. No. 2), Plaintiff will be allowed to proceed in this Court without payment of the filing fee. By separate Order, the Court will grant Plaintiff pauper status and deny as moot his motion for an extension of time to complete his application therefor. (Doc. No. 9.)

## INITIAL REVIEW OF THE COMPLAINT

I.  PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v.*

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## II. SECTION 1983 STANDARD

Although no basis for this Court's jurisdiction is provided in the complaint (*see* Doc. No. 1 at 3), the complaint is liberally construed as seeking to vindicate alleged violations of Plaintiff's federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## III. ALLEGATIONS AND CLAIMS

Plaintiff's allegations are as follows:

Between 6-15-2019 & 6-22-2019 while in Mississippi County, Missouri I Malik M. Moore was intentionally tortured and injured by D. Jensen and his partner employees of Prisoner Transport Services. While temperature at 80+ employees of PTS turned off the ventilation & air conditioner as punishment for speaking, and kept it off for two to three hours to the point of suffocation & heat exhaustion, I was only given air once the other parties involved started to go unconscious. I was

3

> denied medical attention which has since led to an internal injury. I have since developed post traumatic stress disorder and depression since being tortured to near death and having my life endangered.

(Doc. No. 1 at 5.) As relief, Plaintiff asks the Court to order Defendant Prisoner Transport Services (PTS) to pay for all current and future PTSD and depression medication, as well as all current and future counseling. (*Id.*) Plaintiff further seeks compensation for his pain and suffering. (*Id.*)

IV. ANALYSIS

The Court liberally construes Plaintiff's allegations as raising a claim that the conditions of his confinement during transport in Missouri violated his right under the Eighth Amendment to be free from cruel and unusual punishment. To state a viable Eighth Amendment conditions-of-confinement claim, Plaintiff must allege a deprivation that is objectively, sufficiently serious. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Constitution does not mandate comfortable conditions of confinement, *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but tolerates "routine discomfort" as part and parcel of the punishment criminal offenders must endure. *Hudson*, 503 U.S. at 9.

"It necessarily follows, then, that a pre-trial detainee or prisoner has not been subjected to cruel and unusual punishment simply because he has been made to feel uncomfortable during the course of a transfer from one prison to another." *Nguyen v. Prisoner Transportation Servs.*, No. 3:18-cv-00871, 2019 WL 429678, at *5 (M.D. Tenn. Feb. 4, 2019); *see Myers v. Transcor America, LLC*, No. 3:08-0295, 2010 WL 3619831, at *8 (M.D. Tenn. Sept. 9, 2010) (allegations about physical conditions in prison transport van properly analyzed as conditions-of-confinement claim under *Rhodes*). Rather, it is only those conditions that result in the denial of the "minimal

4

civilized measure of life's necessities" which constitute cruel and unusual punishment. *Rhodes*, 452 U.S. at 347. To meet this objective standard, "extreme deprivations are required." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Presuming the truth of Plaintiff's factual allegations and viewing the complaint in the light most favorable to him, the Court nonetheless finds that the conditions of his confinement were not so extreme as to make plausible his claim of cruel and unusual punishment. While the Court does not doubt that the lack of air conditioning and ventilation in 80+ degree weather produced an uncomfortable environment, "uncomfortable and even harsh living conditions are part of the penalty of incarceration." *Bain v. Transcor America, LLC*, No. 3:08-0656, 2009 WL 4348598, at *4 (M.D. Tenn. Nov. 24, 2009) (citing *Rhodes*, 452 U.S. at 347); *see also Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004) (finding that cell temperatures around 85 degrees during summer months, and reaching as high as 95 degrees on seven days during July and August, were "to be expected in a residential setting in Florida in a building that is not air-conditioned" and did not satisfy objective component of Eighth Amendment claim). Plaintiff was confined to that uncomfortable environment for "two to three hours" (Doc. No. 1 at 5), which is not an excessive period of time under the circumstances. *Cf. Myers*, 2010 WL 3619831, at *9 (finding that factors including temporary nature of uncomfortable conditions in prison transport van, "affecting the plaintiffs for only a day or two during their transport trips," weighed against any constitutional violation); *Bain*, 2009 WL 4348598 at *5 (finding that fluctuation between extreme heat and extreme cold in transport van lasted "for only two days" and did not cause "condition so extreme as to violate contemporary standards of decency"); *Nguyen*, 2019 WL 429678, at *6 (finding objective seriousness of deprivation sufficiently alleged based on 15-day van trip during which prisoners endured purposefully reckless driving which resulted in specific physical injuries;

5

necessity of eliminating bodily waste in van due to insufficient hygiene stops; extreme temperatures due to van lacking ventilation and air conditioning; riding in complete darkness and in restraints; and forced sleep deprivation); *see also King v. Berghuis*, No. 1:10-cv-57, 2010 WL 565373, at *3 (W.D. Mich. Feb. 13, 2010) ("[A]bsent such extreme conditions raising serious risks to prisoner health, the courts routinely have determined that claims concerning [cell] ventilation were insufficient to state an Eighth Amendment claim.") (collecting cases).

Furthermore, although Plaintiff alleges that he suffered an unspecified "internal injury" as a result of the denial of medical attention following his 2-3 hour ordeal, this allegation is too vague to support a plausible constitutional claim against PTS. To hold this corporate Defendant liable for the infliction of any physical or emotional injury, Plaintiff cannot rely on a theory of *respondeat superior* or vicarious liability for the actions of "D. Jensen and his partner employees," *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996), but must allege that the injury was caused by the execution of some corporate policy or custom. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff has not alleged that these employees' decisions were guided by a corporate policy of withholding air conditioning as punishment, nor has he adequately alleged that those decisions caused more than the harsh living conditions that unfortunately tend to accompany incarceration. *Bain*, 2009 WL 4348598, at *4. The complaint thus fails to state any viable claim against the lone Defendant, PTS.

## **CONCLUSION**

For these reasons, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

An appropriate Order will be entered.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE